1
2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

FEDERAL TRADE COMMISSION,

Plaintiff,

vs.

AH MEDIA GROUP, LLC, a Delaware Limited Liability Company,

HENRY BLOCK, individually, and as an officer of AH MEDIA GROUP, LLC,

ALAN SCHILL, individually, and as an owner of AH MEDIA GROUP, LLC,

Defendants,

and

ZANELO, LLC, a Puerto Rico Limited Liability Company,

Relief Defendant.

Case No. 19-cv-04022-JD

FILED UNDER SEAL

EX PARTE TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

22    The Federal Trade Commission ("FTC") filed a complaint for a permanent injunction and

23 other equitable relief under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC

24 Act"), 15 U.S.C. § 53(b), and an ex parte application for a temporary restraining order and

25 ancillary relief under Fed. R. Civ. P. 65(b) pending a hearing on a preliminary injunction.  Sealed

26 Dkt. Nos. 1, 12.  The respondent defendants are the AH Media Group, LLC, Henry Block, and

27 Alan Schill.

28

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

By

Deputy Clerk

Date   7/18/2019

**BACKRGOUND AND FINDINGS**

The FTC filed a substantial volume of declarations and exhibits in support of the TRO application, in addition to the detailed allegations in the complaint. The Court makes the following findings on the basis of these materials. Because this is an expedited ex parte application, defendants may challenge them before the preliminary injunction hearing. The preliminary injunction hearing is set for **August 1, 2019, at 2:00 p.m.**

A.     The Court has subject matter jurisdiction over the case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.     The FTC has made a prima facie showing that defendants: (1) misrepresented the price associated with "trial offers" of their products; (2) misrepresented that clicking on a "complete checkout" button would complete just the purchase of the trial offer, when in fact it added upsell products and associated charges; (3) did not clearly and conspicuously disclose to consumers that they would be charged the full amount for the product and enrolled in continuity plans resulting in additional charges to their credit cards or withdrawals from their debit accounts; (4) did not obtain consumers' express informed consent before imposing these charges, or provide a clear way to stop the recurring charges; (5) did not clearly and conspicuously disclose their return, cancelation, and refund policies; (6) used fraudulent documentation to contest consumer disputes over unauthorized charges; and (7) engaged in credit card laundering, through which they unlawfully used shell companies and shell owners to obtain access to merchant accounts needed to accept consumers' credit and debit card payments. A reasonable inference from this conduct is that defendants unfairly injured consumers by charging them without their authorization.

C.     The current record shows that defendants AH Media Group, LLC, Henry Block, and Alan Schill have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 4 of the Restore Online Shoppers' Confidence Act (ROSCA), 15 U.S.C. § 8403, Section 907(a) of the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693e(a), and Section 1005.10(b) of Regulation E, 12 C.F.R. § 1005.10(b), and that

1    the FTC is likely to prevail on the merits of this action. Specifically, the FTC has proffered web

2    captures, records of undercover purchases, consumer declarations, transcripts of calls, consumer

3    complaints, chargeback files, corporate and financial records, and similar materials that

4    demonstrate a likelihood of success in establishing that defendants have misrepresented the price

5    associated with purported trial offers of their products, misrepresented the effect of webpages

6    that purported to merely complete the checkout process, failed to adequately disclose the

7    material terms of their purported trial offers, failed to clearly and conspicuously disclose material

8    terms of the continuity plans before collecting consumers' billing information, charged

9    consumers' credit and debit cards without their authorization, unfairly injured consumers by

10    engaging in credit card laundering, and deceptively contested chargeback disputes using

11    fraudulent documentation.

12        D.    These materials also establish that immediate and irreparable harm is likely to

13    result from defendants' ongoing violations of the FTC Act, ROSCA, EFTA and Regulation E,

14    unless defendants are restrained and enjoined.

15        E.    There is good cause to believe that immediate and irreparable damage to the

16    Court's ability to grant effective final relief for consumers -- including monetary restitution,

17    rescission, disgorgement or refunds -- will occur from the sale, transfer, destruction or other

18    disposition or concealment by defendants of their assets or records, unless defendants are

19    immediately restrained and enjoined; and that, in accordance with Federal Rule of Civil

20    Procedure 65(b) and Local Rule 65-1, the interests of justice require that this Order be granted

21    without prior notice to defendants. Consequently, the FTC is excused from providing defendants

22    with prior notice of the TRO application.

23        F.    Good cause exists for appointing a temporary receiver over the Receivership

24    Entities (defined *infra*), freezing defendants' assets, and permitting the FTC and the Receiver to

25    take expedited discovery.

26

27

28

1      G.     Weighing the equities and considering the FTC's likelihood of success on the

2 merits, a temporary restraining order with an asset freeze, the appointment of a temporary

3 receiver, expedited discovery, and other equitable relief is in the public interest.

4      H.     The Court has authority to issue this Order under Sections 13(b) and 19 of the

5 FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28

6 U.S.C. § 1651.

7      I.     No security is required of any agency of the United States for issuance of a

8 temporary restraining order.  Fed. R. Civ. P. 65(c).

9 **DEFINITIONS**

10 For the purpose of this Order, the following definitions apply:

11      A.     **"Asset"** means any legal or equitable interest in, right to, or claim to, any

12 property, wherever located and by whomever held.

13      B.     **"Clear and Conspicuous"** or **"Clearly and Conspicuously"** means that a

14 required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by

15 ordinary consumers, including in all of the following ways:

16      1.     In any communication that is solely visual or solely audible, the disclosure

17 must be made through the same means through which the communication is

18 presented.  In any communication made through both visual and audible means,

19 such as a television advertisement, the disclosure must be presented simultaneously

20 in both the visual and audible portions of the communication even if the

21 representation requiring the disclosure is made in only one means;

22      2.     A visual disclosure, by its size, contrast, location, the length of time it

23 appears, and other characteristics, must stand out from any accompanying text or

24 other visual elements so that it is easily noticed, read, and understood;

25      3.     An audible disclosure, including by telephone or streaming video, must be

26 delivered in a volume, speed, and cadence sufficient for ordinary consumers to

27 easily hear and understand it;

28

4

4.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

5.      On a product label, the disclosure must be presented on the principal display panel;

6.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

7.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

8.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

9.      When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C.      "**Corporate Defendant**" means AH Media Group, LLC, and each of its subsidiaries, affiliates, successors, and assigns.

D.      "**Defendant(s)**" means Corporate Defendant, Henry Block and Alan Schill, individually, collectively, or in any combination.

E.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases

and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F.     **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

G.     **"Individual Defendant(s)"** means Henry Block and Alan Schill, individually, collectively, or in any combination.

H.     **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

I.     **"Receiver"** means the temporary receiver appointed in Section XIV of this Order and any deputy receivers that are named by the temporary receiver.

J.     **"Receivership Entities"** means Corporate Defendant, the Wyoming Related Companies, as well as any other entity that has conducted any business related to Defendants' online marketing of trial offers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

K.     **"Wyoming Related Companies"** means the companies identified in **Attachment A** to this Order and each of their subsidiaries, affiliates, successors, and assigns.

## ORDER

### I.     PROHIBITED BUSINESS ACTIVITIES

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual

1   notice of this Order, whether acting directly or indirectly, in connection with the advertising,

2   marketing, promoting, or offering for sale of any goods or services, are temporarily restrained

3   and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by

4   implication, any material fact, including, but not limited to:

5       A.    Any cost to the consumer to purchase, receive, use, or return the initial good or

6   service;

7       B.    That the consumer will not be charged for any good or service;

8       C.    That a good or service is offered on a "free," "trial," "sample," "bonus," "gift,"

9   "no commitment," "discounted" basis, or words of similar import, denoting or implying the

10  absence of an obligation on the part of the recipient of the offer to affirmatively act in order to

11  avoid charges, including where a charge will be assessed pursuant to the offer unless the

12  consumer takes affirmative steps to prevent or stop such a charge;

13      D.    That the consumer can obtain a good or service for a processing, service,

14  shipping, handling, or administrative fee with no further obligation;

15      E.    That a transaction has been authorized by the consumer;

16      F.    Any material aspect of the nature or terms of websites that are presented as part of

17  the process of completing a purchase, including "complete checkout" buttons;

18      G.    Any material aspect of the nature or terms of a refund, cancellation, exchange, or

19  repurchase policy for the good or service; or

20      H.    Any other fact material to consumers concerning any good or service, such as:

21  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its

22  performance, efficacy, nature, or central characteristics.

23      **II.    PROHIBITION AGAINST UNFAIR AND DECEPTIVE**

24          **NEGATIVE OPTION MARKETING PRACTICES**

25      IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

26  and attorneys, and all other persons in active concert or participation with any of them, who

27  receive actual notice of this Order, whether acting directly or indirectly, are temporarily

28

7

1  restrained and enjoined from charging, causing to be charged, assisting others in charging, or

2  attempting to charge any consumer in any sale of a good or service with a Negative Option

3  Feature without:

4        A.    Clearly and Conspicuously disclosing all material terms of the Negative Option

5  Feature before obtaining the consumer's billing information;

6        B.    Obtaining a consumer's express informed consent, written or similarly authorized,

7  to the Negative Option Feature before making any charge; and

8        C.    Providing a simple mechanism for a consumer to stop recurring charges from

9  being placed on the consumer's credit card, debit card, or other financial account.

10             III.    **PROHIBITION AGAINST DEBITING CONSUMERS'**

11                  **BANK ACCOUNTS WITHOUT AUTHORIZATION**

12        IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

13  and attorneys, and all other persons in active concert or participation with any of them, who

14  receive actual notice of this Order, whether acting directly or indirectly, in connection with the

15  sale of any good or service, are temporarily restrained and enjoined from:

16        A.    Failing to timely obtain written authorization signed or similarly authenticated by

17  the consumer for any Preauthorized Electronic Fund Transfer from a consumer's account before

18  initiating any Preauthorized Electronic Fund Transfer; and

19        B.    Failing to provide the consumer a copy of a valid written authorization signed or

20  similarly authenticated by the consumer for any Preauthorized Electronic Fund Transfer.

21      IV.    **PROHIBITION RELATED TO OBTAINING MERCHANT ACCOUNTS**

22                   **AND RESPONDING TO CHARGEBACKS**

23        IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

24  and attorneys, and all other persons in active concert or participation with any of them, who

25  receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

26  restrained and enjoined from:

27        A.    Failing to disclose to any bank, payment processor, credit card processor,

28

independent sales organization, third party processor, payment gateway, or other financial institution any material fact relating to obtaining a merchant account, including, but not limited to, the identity of the bona fide owner, manager, director, or officer of an entity applying for or holding a merchant account, and whether such owner, manager, director, or officer:

     1.    Has been or is placed in a merchant account monitoring program;

     2.    Has had a merchant account terminated by a bank, payment processor, or other financial institution; or

     3.    Has been fined or otherwise disciplined by a bank, payment processor, or other financial institution, in connection with a merchant account.

     B.    Making, or causing, or assisting others in making, directly or by implication, any false or misleading statements in order to obtain a merchant account or respond to a chargeback.

## V.   PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

     A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

     B.    Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law,

1    regulation, or court order, or in any filings, pleadings or discovery in this action in the manner

2    required by the Federal Rules of Civil Procedure and by any protective order in the case.

3                              **VI.    ASSET FREEZE**

4           IT IS FURTHER ORDERED that Defendants and their officers, agents, employees, and

5    attorneys, and all other persons in active concert or participation with any of them, who receive

6    actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

7    restrained and enjoined from:

8           A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

9    concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a

10   lien or security interest or other interest in, or otherwise disposing of any Assets that are:

11                    1.    owned or controlled, directly or indirectly, by any Defendant;

12                    2.    held, in part or in whole, for the benefit of any Defendant;

13                    3.    in the actual or constructive possession of any Defendant; or

14                    4.    owned or controlled by, in the actual or constructive possession of, or

15                          otherwise held for the benefit of, any corporation, partnership, asset

16                          protection trust, or other entity that is directly or indirectly owned,

17                          managed or controlled by any Defendant.

18          B.    Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

19   or storage facilities titled in the name of any Defendant or subject to access by any Defendant,

20   except as necessary to comply with written requests from the Receiver acting pursuant to its

21   authority under this Order;

22          C.    Incurring charges or cash advances on any credit, debit, or ATM card issued in

23   the name, individually or jointly, of Corporate Defendant or any corporation, partnership, or

24   other entity directly or indirectly owned, managed, or controlled by any Defendant or of which

25   any Defendant is an officer, director, member, or manager.  This includes any corporate

26   bankcard or corporate credit card account for which any Defendant is, or was on the date that this

27   Order was signed, an authorized signor; or

28

1         D.     Cashing any checks or depositing any money orders or cash received from

2 consumers, clients, or customers of any Defendant.

3         The Assets affected by this Section include:  (1) all Assets of Defendants as of the time

4 this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those

5 Assets are derived from any activity that is the subject of the Complaint in this matter or that is

6 prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or

7 repatriation of foreign Assets specifically required by this order.

8        **VII.**     **DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

9         IT IS FURTHER ORDERED that any financial or brokerage institution, Electronic Data

10 Host, credit card processor, payment processor, merchant bank, acquiring bank, independent

11 sales organization, third party processor, payment gateway, insurance company, currency

12 exchange or cryptocurrency exchange or service provider, business entity, or person who

13 receives actual notice of this Order (by service or otherwise) that:

14         (a)     has held, controlled, or maintained custody, through an account or

15 otherwise, of any Document on behalf of any Defendant or any Asset that has been:  owned or

16 controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of

17 any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled

18 by, in the actual or constructive possession of, or otherwise held for the benefit of, any

19 corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

20 managed or controlled by any Defendant;

21         (b)     has held, controlled, or maintained custody of any email account set forth

22 in **Attachment B** to this Order;

23         (c)     has held, controlled, or maintained custody, through an account or

24 otherwise, of any Document or Asset associated with credits, debits, or charges made on behalf

25 of any Defendant, including reserve funds held by payment processors, credit card processors,

26 merchant banks, acquiring banks, independent sales organizations, third party processors,

27 payment gateways, insurance companies, or other entities; or

28

1         (d)    has extended credit to any Defendant, including through a credit card

2 account, will:

3      A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

4 alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

5 conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

6 other property related to such Assets, except by further order of this Court; provided, however,

7 that this provision does not prohibit an Individual Defendant from incurring charges on a

8 personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

9      B.    Deny any person, except the Receiver, access to any safe deposit box, commercial

10 mail box, or storage facility that is titled in the name of any Defendant, either individually or

11 jointly, or otherwise subject to access by any Defendant;

12      C.    To the extent applicable, provide Plaintiff's counsel and the Receiver, within

13 three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or

14 account covered by this Section:

15         1.    The identification number of each such account or Asset;

16         2.    The balance of each such account, or a description of the nature and value

17 of each such Asset as of the close of business on the day on which this

18 Order is served, and, if the account or other Asset has been closed or

19 removed, the date closed or removed, the total funds removed in order to

20 close the account, and the name of the person or entity to whom such

21 account or other Asset was remitted;

22         3.    The identification of any safe deposit box, commercial mail box, or

23 storage facility that is either titled in the name, individually or jointly, of

24 any Defendant, or is otherwise subject to access by any Defendant; and

25         4.    The cryptographic hash value, time stamp, transaction data, public

26 addresses or other information sufficient to identify, locate, and track

27 cryptocurrency in any blockchain or distributed ledger technology system

28

1                that is belonging to, for the use or benefit of, under the control of, or

2                subject to access by any Defendant; and

3        D.     Upon the request of Plaintiff's counsel or the Receiver, promptly provide

4 Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to

5 each Asset or account covered by this Section, including originals or copies of account

6 applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and

7 from the accounts, including wire transfers and wire transfer instructions, all other debit and

8 credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records

9 pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

10        Provided, however, that this Section does not prohibit any transfers to the Receiver or

11 repatriation of foreign Assets specifically required by this Order.

12             **VIII.    FINANCIAL DISCLOSURES**

13        **IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of

14 this Order upon them, will prepare and deliver to Plaintiff's counsel and the Receiver:

15        A.     Completed financial statements on the forms attached to this Order as

16 **Attachment C** (Financial Statement of Individual Defendant) for each Individual Defendant, and

17 **Attachment D** (Financial Statement of Corporate Defendant) for each Corporate Defendant;

18        B.     Completed cryptocurrency financial statement on the form attached to this Order

19 as **Attachment E**; and

20        C.     Completed **Attachment F** (IRS Form 4506, Request for Copy of a Tax Return)

21 for each Individual and Corporate Defendant.

22             **IX.    FOREIGN ASSET REPATRIATION**

23        IT IS FURTHER ORDERED that within five (5) days following the service of this

24 Order, each Defendant will:

25        A.     Provide Plaintiff's counsel and the Receiver with a full accounting, verified under

26 oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of

27 the United States which are: (1) titled in the name, individually or jointly, of any Defendant; (2)

28

1   held by any person or entity for the benefit of any Defendant or for the benefit of, any

2   corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

3   managed or controlled by any Defendant; or (3) under the direct or indirect control, whether

4   jointly or singly, of any Defendant;

5        B.      Take all steps necessary to provide Plaintiff's counsel and Receiver access to all

6   Documents and records that may be held by third parties located outside of the territorial United

7   States of America, including signing the Consent to Release of Financial Records appended to

8   this Order as **Attachment G**.

9        C.      Transfer to the territory of the United States all Documents and Assets located in

10   foreign countries that are: (1) titled in the name, individually or jointly, of any Defendant; (2)

11   held by any person or entity for the benefit of any Defendant or for the benefit of, any

12   corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

13   managed or controlled by any Defendant; or (3) under the direct or indirect control, whether

14   jointly or singly, of any Defendant; and

15        D.      The same business day as any repatriation, (1) notify the Receiver and counsel for

16   Plaintiff of the name and location of the financial institution or other entity that is the recipient of

17   such Documents or Assets; and (2) serve this Order on any such financial institution or other

18   entity.

19        **X.    NON-INTERFERENCE WITH REPATRIATION**

20        IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

21   and attorneys, and all other persons in active concert or participation with any of them, who

22   receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

23   restrained and enjoined from taking any action, directly or indirectly, which may result in the

24   encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by

25   this Order, including, but not limited to:

26        A.      Sending any communication or engaging in any other act, directly or indirectly,

27   that results in a determination by a foreign trustee or other entity that a "duress" event has

28

14

1    occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets

2    have been fully repatriated pursuant to this Order; or

3          B.      Notifying any trustee, protector or other agent of any foreign trust or other related

4    entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

5    a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to

6    this Order.

7                          **XI.    CONSUMER CREDIT REPORTS**

8          IT IS FURTHER ORDERED that Plaintiff may obtain credit reports concerning any

9    Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.

10   § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such

11   reports are requested will provide them to Plaintiff.

12                         **XII.   PRESERVATION OF RECORDS**

13         IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

14   and attorneys, and all other persons in active concert or participation with any of them, who

15   receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily

16   restrained and enjoined from:

17         A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

18   transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

19   relate to:  (1) the business, business practices, Assets, or business or personal finances of any

20   Defendant; (2) the business practices or finances of entities directly or indirectly under the

21   control of any Defendant; or (3) the business practices or finances of entities directly or

22   indirectly under common control with any other Defendant; and

23         B.      Failing to create and maintain Documents that, in reasonable detail, accurately,

24   fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

25   Defendants' Assets.

26

27

28

## XIII.   REPORT OF NEW BUSINESS ACTIVITY

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIV.   TEMPORARY RECEIVER

IT IS FURTHER ORDERED that Robb Evans at Robb Evans & Associates LLC is appointed as temporary Receiver of the Receivership Entities with full powers of an equity receiver. The Receiver will be solely the agent of this Court in acting as Receiver under this Order.

## XV.   DUTIES AND AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

A.   Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in the affairs of the Receivership Entity;

B.   Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.   Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever

1 situated, including reserve funds held by payment processors, credit card processors, merchant

2 banks, acquiring banks, independent sales organizations, third party processors, payment

3 gateways, insurance companies, or other entities;

4      D.    Conserve, hold, manage, and prevent the loss of all Assets of the Receivership

5 Entities, and perform all acts necessary or advisable to preserve the value of those Assets.  The

6 Receiver will assume control over the income and profits therefrom and all sums of money now

7 or hereafter due or owing to the Receivership Entities.  The Receiver will have full power to sue

8 for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities

9 whose interests are now under the direction, possession, custody, or control of, the Receivership

10 Entities.  Provided, however, that the Receiver will not attempt to collect any amount from a

11 consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted

12 from the deceptive acts or practices or other violations of law alleged in the Complaint in this

13 matter, without prior Court approval;

14      E.    Obtain, conserve, hold, manage, and prevent the loss of all Documents of the

15 Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.

16 The Receiver will:  divert mail; preserve all Documents of the Receivership Entities that are

17 accessible via electronic means (such as online access to financial accounts and access to

18 electronic Documents held onsite or by Electronic Data Hosts, by changing usernames,

19 passwords or other log-in credentials; take possession of all electronic Documents of the

20 Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all

21 such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of

22 obtaining electronic Documents stored onsite or remotely.

23      F.    Choose, engage, and employ attorneys, accountants, appraisers, and other

24 independent contractors and technical specialists, as the Receiver deems advisable or necessary

25 in the performance of duties and responsibilities under the authority granted by this Order;

26      G.    Make payments and disbursements from the receivership estate that are necessary

27 or advisable for carrying out the directions of, or exercising the authority granted by, this Order,

28

1   and to incur, or authorize the making of, such agreements as may be necessary and advisable in

2   discharging his or her duties as Receiver.  The Receiver will apply to the Court for prior approval

3   of any payment of any debt or obligation incurred by the Receivership Entities prior to the date

4   of entry of this Order, except payments that the Receiver deems necessary or advisable to secure

5   Assets of the Receivership Entities, such as rental payments;

6          H.      Take all steps necessary to secure and take exclusive custody of each location

7   from which the Receivership Entities operate their businesses.  Such steps may include, but are

8   not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing

9   the location by changing the locks and alarm codes and disconnecting any Internet access or

10  other means of access to the computers, servers, internal networks, or other records maintained at

11  that location; and (2) requiring any persons present at the location to leave the premises, to

12  provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the

13  Receiver that such persons are not removing from the premises Documents or Assets of the

14  Receivership Entities.  Law enforcement personnel, including, but not limited to, police or

15  sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and

16  maintain security.  If requested by the Receiver, the United States Marshal will provide

17  appropriate and necessary assistance to the Receiver to implement this Order and is authorized to

18  use any necessary and reasonable force to do so;

19         I.      Take all steps necessary to prevent the modification, destruction, or erasure of any

20  web page or website registered to and operated, in whole or in part, by any Defendants, and to

21  provide access to all such web pages or websites to Plaintiff's representatives, agents, and

22  assistants, as well as Defendants and their representatives;

23         J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

24         K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect

25  the interests of consumers who have transacted business with the Receivership Entities;

26         L.      Make an accounting, as soon as practicable, of the Assets and financial condition

27  of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

28

M.    Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.    Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.    Open one or more bank accounts at designated depositories for funds of the Receivership Entities.  The Receiver will deposit all funds of the Receivership Entities in such designated accounts and will make all payments and disbursements from the receivership estate from such accounts.  The Receiver will serve copies of monthly account statements on all parties;

P.    Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.    Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access will be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents.  The Receiver will have the discretion to determine the time, manner, and reasonable conditions of such access;

R.    Allow the Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.    Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.    If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its Assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of Assets, or any other obstruction of the Receiver's control of the entity; and

V.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XVI.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

IT IS FURTHER ORDERED that Defendants and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities will, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment

1  processors, credit card processors, merchant banks, acquiring banks, independent sales

2  organizations, third party processors, payment gateways, insurance companies, or other entities;

3        C.    All Documents of or pertaining to the Receivership Entities;

4        D.    All computers, electronic devices, mobile devices and machines used to conduct

5  the business of the Receivership Entities;

6        E.    All Assets and Documents belonging to other persons or entities whose interests

7  are under the direction, possession, custody, or control of the Receivership Entities; and

8        F.    All keys, codes, user names and passwords necessary to gain or to secure access

9  to any Assets or Documents of or pertaining to the Receivership Entities, including access to

10  their business premises, means of communication, accounts, computer systems (onsite and

11  remote), Electronic Data Hosts, or other property.

12        In the event that any person or entity fails to deliver or transfer any Asset or Document,

13  or otherwise fails to comply with any provision of this Section, the Receiver may file an

14  Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a

15  contempt citation.

16        **XVII.**   **PROVISION OF INFORMATION TO RECEIVER**

17        IT IS FURTHER ORDERED that Defendants will immediately provide to the Receiver:

18        A.    A list of all Assets and accounts of the Receivership Entities that are held in any

19  name other than the name of a Receivership Entity, or by any person or entity other than a

20  Receivership Entity;

21        B.    A list of all agents, employees, officers, attorneys, servants and those persons in

22  active concert and participation with the Receivership Entities, or who have been associated or

23  done business with the Receivership Entities; and

24        C.    A description of any Documents covered by attorney-client privilege or attorney

25  work product, including files where such Documents are likely to be located, authors or

26  recipients of such Documents, and search terms likely to identify such electronic Documents.

27

28

## XVIII.   COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order will fully cooperate with and assist the Receiver. This cooperation and assistance will include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIX.   NON-INTERFERENCE WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.   Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.   Transacting any of the business of the Receivership Entities;

C.   Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX.    STAY OF ACTIONS

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any Asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action

23

or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XXI.  COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities.  The Receiver will file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order.  The Receiver will not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXII.  RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver will file with the Clerk of this Court a bond in the sum of ten thousand dollars ($10,000) with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.  28 U.S.C. § 754.

## XXIII.  DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that Defendants will immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and will, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement will include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants will not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries,

1    affiliates, successors, assigns or other persons or entities in active concert or participation with

2    them to disregard this Order or believe that they are not bound by its provisions.

3                            **XXIV.    EXPEDITED DISCOVERY**

4            IT IS FURTHER ORDERED that, notwithstanding the provisions of Federal Rules of

5    Civil Procedure 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Federal Rules of Civil

6    Procedure 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after

7    service of this Order, to conduct limited expedited discovery for the purpose of discovering:

8    (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and

9    extent of Defendants' business transactions and operations; (3) Documents reflecting

10   Defendants' business transactions and operations; or (4) compliance with this Order.  The limited

11   expedited discovery set forth in this Section will proceed as follows:

12           A.      Plaintiff and the Receiver may take the deposition of parties and non-parties.

13   Forty-eight (48) hours' notice will be sufficient notice for such depositions.  The limitations and

14   conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure

15   regarding subsequent depositions of an individual will not apply to depositions taken pursuant to

16   this Section.  Any such deposition taken pursuant to this Section will not be counted towards the

17   deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by

18   telephone or other remote electronic means.

19           B.      Plaintiff and the Receiver may serve upon parties requests for production of

20   Documents or inspection that require production or inspection within five (5) days of service,

21   provided, however, that three (3) days of notice will be deemed sufficient for the production of

22   any such Documents that are maintained or stored only in an electronic format.

23           C.      Plaintiff and the Receiver may serve upon parties interrogatories that require

24   response within five (5) days after Plaintiff serves such interrogatories.

25           D.      The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct

26   production or inspection within five (5) days of service.

27

28

1      E.    Service of discovery upon a party to this action, taken pursuant to this Section,

2 will be sufficient if made by facsimile, email, or by overnight delivery.

3      F.    Any expedited discovery taken pursuant to this Section is in addition to, and is not

4 subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

5 Rules of this Court. The expedited discovery permitted by this Section does not require a

6 meeting or conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil

7 Procedure.

8      G.    The Parties are exempted from making initial disclosures under Federal Rule of

9 Civil Procedure 26(a)(1) until further order of this Court.

10          **XXV.**    **SERVICE OF THIS ORDER**

11      IT IS FURTHER ORDERED that copies of this Order as well as the Application for

12 Temporary Restraining Order and all other pleadings, Documents, and exhibits filed

13 contemporaneously with that Motion (other than the Complaint and summons), may be served by

14 any means, including facsimile transmission, electronic mail or other electronic messaging,

15 personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any

16 law enforcement agency, or by private process server, upon any Defendant or any person

17 (including any financial institution) that may have possession, custody or control of any Asset or

18 Document of any Defendant, or that may be subject to any provision of this Order pursuant to

19 Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon

20 any branch, subsidiary, affiliate or office of any entity will effect service upon the entire entity.

21          **XXVI.**    **CORRESPONDENCE AND SERVICE ON PLAINTIFF**

22      IT IS FURTHER ORDERED that, for the purpose of this Order, all correspondence and

23 service of pleadings on Plaintiff will be addressed to:

24

25          Roberta Tonelli

          Emily Burton

26          Colin Hector

          Federal Trade Commission

27          901 Market Street, Suite 570

          San Francisco, CA 94103

28

Tel:      (415) 848-5197, -5111, -5195
Fax:      (415) 848-5184
Email:    rtonelli@ftc.gov; eburton@ftc.gov; chector@ftc.gov

## XXVII.    PRELIMINARY INJUNCTION HEARING

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65-1, Defendants must appear before this Court on **August 1, 2019, at 2:00 p.m.** to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining the violations of the law alleged in the Complaint, continuing the freeze of their Assets, continuing the receivership, and imposing such additional relief as may be appropriate.

## XXVIII.    PRELIMINARY INJUNCTION HEARING

IT IS FURTHER ORDERED that:

A.    Defendants will file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four (4) days prior to the injunction hearing.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the order to show cause hearing.  Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (Pacific Time) on the appropriate dates set forth in this Section.

B.    Defendants may request an evidentiary hearing and the presentation of live witnesses if they believe that is warranted.  They will advise the Court and the FTC as early as possible with such a request, and will provide a statement explaining why they are making the request.  Otherwise, and unless ordered differently by the Court, the injunction hearing will not include live witnesses or evidentiary proceedings.

27

## XXIX.   DURATION OF THE ORDER

This Order will expire fourteen (14) days from the date of entry noted below, unless within such time, the Order is extended for an additional period pursuant to Federal Rule of Civil Procedure 65(b)(2).

## XXX.   RETENTION OF JURISDICTION

The Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

DATED:  July 18, 2019

_____

JAMES DONATO
United States District Judge